IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROGER HARMON BROACH, | ) | CASE NO. 05-80565-G3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |

## MEMORANDUM OPINION

The court held a hearing on its Order to Show Cause (Docket No. 4) directing the Debtor to appear and show cause why the instant Chapter 13 case should not be dismissed, and on the Motion to Dismiss with Prejudice to Refiling For 180 Days or Conversion to Chapter 7 (Docket No. 16) filed by Nellis Lee Johnson, Jr. and Linda Kay Johnson (the "Johnsons"). After review of the pleadings, docket sheet, and evidence, the court makes the following Findings of Fact and Conclusions of Law dismissing the above captioned Chapter 13 proceeding with prejudice to refiling for 180 days. A separate conforming Judgment will entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Roger Harmon Broach ("Debtor") filed a voluntary petition, pro se, under Chapter 13 of the Bankruptcy Code on

March 1, 2005.  The court notes that the Debtor is an attorney who has practiced bankruptcy in this District for over ten years.  The court set a Show Cause hearing for dismissal and imposition of sanctions based upon the fact that this filing was Debtor's seventh bankruptcy petition since 1997.  The Johnsons filed a dismissal motion requesting that the instant case be dismissed with prejudice due to Debtor's bad faith.  Docket Nos. 4 and 16.

Debtor's first case was filed pro se on June 26, 1997 under Chapter 13 and was dismissed on the Chapter 13 Trustee's motion on October 7, 1997.  Case No. 97-46535-H5-13.

Approximately three weeks later, on October 29, 1997, Debtor filed a Chapter 7 proceeding, pro se, which was converted to a Chapter 13 proceeding on November 17, 1997.  Debtor failed to appear at the section 341 creditors' meeting and the Chapter 13 Trustee filed a dismissal motion.  The case was dismissed on January 15, 1998 for Debtor's failure to file his Statement of Financial Affairs and Chapter 13 plan and because of his "wilful failure to appear."  Case No. 97-50973-H3-13.

On June 29, 1999 Debtor filed his third pro se case, a Chapter 7 proceeding, which was designated as one with no assets.  Debtor was discharged on October 22, 1999.  Case No. 99-36245-H3-7.  Less than two months later, on December 20, 1999, Debtor again filed another pro se Chapter 13 petition.  On May 19, 2000, Debtor's fourth case was dismissed on the Chapter 13 Trustee's Motion.  Case No. 99-42095-H5-13.

About six months later, on December 7, 2000, Debtor filed his fifth pro se bankruptcy proceeding. This case was filed under Chapter 13 of the Bankruptcy Code. Debtor failed to appear at the section 341 meeting and the case was dismissed March 30, 2001 on the Chapter 13 Trustee's motion. The court dismissed the petition with prejudice for thirty days or until Debtor filed his 1997, 1998, and 1999 IRS tax returns, whichever was longer. Case No. 00-41291-H4-13.

On May 10, 2001, less than two months after Debtor's fifth case was dismissed, Debtor filed another pro se Chapter 13 proceeding. The Debtor's plan was confirmed but the case was subsequently dismissed on January 31, 2003. The dismissal of Debtor's sixth case was pursuant to the Chapter 13 Trustee's motion for Debtor's failure to make plan payments. Case No. 01-35334-H1-13.

On March 1, 2005, Debtor filed the instant Chapter 13 proceeding which is his seventh filing under the Bankruptcy Code. Debtor contends that his multiple filings were not in bad faith. He claims that he was unable to continue plan payments in these cases as a result of his poor health and not being able to generate enough income. He testified that the filing of the instant case was prompted primarily by his receipt of a letter from the IRS indicating income tax assessments in the amount of $388,965.77. Johnson Exhibit No. 14.

In the instant proceeding, Debtor claims a one-half community interest in property located at 1227 First Street, La Marque, Galveston County, Texas ("property"). Johnson Exhibit Nos. 7 and 11. Debtor testified that although the property is in his wife's name, he has a community interest therein. The Johnsons entered into a contract for deed on the property with "W. I. Neuhaus" on November 18, 2000. The contract for deed does not reflect Neuhaus as married or that Debtor has any interest in the property. Johnson Exhibit No. 8.

Debtor testified that he has been married to Neuhaus since July, 1990. Neuhaus is also known as Courtney Smith, Whitney Broach, and/or Cheri Ward. The court notes that Debtor's wife has filed three bankruptcy petitions, in her various names, since 1999. Debtor is listed as the attorney of record on all his wife's bankruptcy cases. Her last petition was dismissed on March 10, 2004 with prejudice to refiling for three years. Johnson Exhibit No. 15.

The real property in LaMarque was noticed for sale. On February 1, 2005 Debtor filed a state court suit in the 212th Judicial District Court, Galveston County, as counsel for Neuhaus, requesting a temporary restraining order and temporary injunction claiming defective notice of the sale. Johnson Exhibit No. 16.

The evidence reflects that the Johnsons were never scheduled as creditors on any of Debtor's or his wife's

bankruptcy petitions, save and except the instant filing. Johnson Exhibit Nos. 5, 15, 20-26. Debtor testified that the contract for deed may have been listed under executory contracts in his wife's bankruptcy petitions. Debtor acknowledged that, if listed under executory contracts, notice of bankruptcy would not necessarily be received by the party to the contract. Except for the instant case, the record reflects that the Johnsons were not listed as a creditor nor as a party to executory contracts in any of Debtor's or his wife's bankruptcy schedules or statements of financial affairs. Debtor admitted that the Johnsons should have been listed.

Debtor testified that his financial condition is such that he can make the required plan payments in the instant case as a result of combining income from a small pension, his social security benefits, and income he anticipates he will receive from his bankruptcy practice and real estate title work. Debtor receives approximately $1,350 per month from his pension and social security benefits. He estimates that he can make another $1,500 to $2,000 per month from his bankruptcy and title work. The court notes that these are simply estimates based upon Debtor's calculations. No other evidence was submitted to substantiate the validity of these estimates.

The Chapter 13 Trustee, William E. Heitkamp, testified that Debtor's schedules were untimely filed and that Debtor did not attend the creditors' meeting nor the orientation class

required by the Trustee.  Debtor failed to respond to the Trustee's letter request of April 4, 2005 for copies of tax returns and business records.  Prior to June 27, 2005, Debtor was not current on his Chapter 13 plan payments, and since the filing had only made one $500 payment, on May 18, 2005.  The monthly plan payments are $325.  Debtor stated he made attempts to send the Chapter 13 Trustee payments the day before the hearing on the current show cause and motion to dismiss, June 27, 2005.  The Trustee was unable to confirm that the payments had been received.

      Mr. Heitkamp was also the Trustee on one of Debtor's prior Chapter 13 cases.  Mr. Heitkamp is an experienced and capable Chapter 13 Trustee and has evaluated the probable success of thousands of Chapter 13 plans.  Based upon his analysis and a review of the history of Debtor's last three cases, the Trustee believes that this case has no likelihood of success.  Further, as of the date of hearing, the amount of the proof of claim of the IRS puts Debtor over the debt limits for eligibility to remain in a Chapter 13 proceeding.  Johnson Exhibit No. 14.

      The court finds that the totality of the circumstances in this case, including the Debtor's numerous filings and his dealings with the Johnsons prepetition, rise to a level of lack of good faith in filing the instant proceeding.  The court finds

that dismissal of this case, with prejudice for 180 days, is warranted.

## Conclusions of Law

A Chapter 13 case may be dismissed for cause, including, inter alia, unreasonable delay by the debtor that is prejudicial to creditors or failure to commence timely plan payments.  11 U.S.C. § 1307(c).

Such cause includes filing a bankruptcy petition in bad faith.  See, e.g., Matter of Smith, 848 F.2d 813, 816 n. 3 (7th Cir. 1988); In re Molitor, 76 F.3d 218 (8th Cir. 1996).  The bad faith determination focuses on the totality of the circumstances, including: (1) whether the debtors have stated debts and expenses accurately; (2) whether Debtors have made any fraudulent representation to mislead the bankruptcy court; and (3) whether Debtors have unfairly manipulated the bankruptcy code.  In re Chaffin, 836 F.2d 215, 217 (5th Cir. 1988); Molitor, 76 F.3d, at 220, citing In re LeMaire, 898 F.2d 1346, 1349 (8th Cir. 1990)  See also, In re Gier, 986 F.2d 1326 (10th Cir. 1993).

Courts may look at prepetition conduct to determine if there was good faith.  *In re Elisade*, 172 B.R. 996 (Bankr. M.D. Fla. 1994); *In re Maurice*, 167 B.R. 114 (N.D. Illinois, E.D. 1994).  If Debtor's prepetition conduct is so objectionable itself, as to independently rise to a level of lack of good faith, it can warrant dismissal of the case.  *In re Elisade*, 172 B.R. 996 (Bankr. M.D. Fla. 1994).

The filing of a case under the Bankruptcy Code after filing one or more cases under the Code is not prohibited per se. <u>Johnson v. Home State Bank</u>, 111 S.Ct. 2150 (1991). Although there is no per se rule against successive bankruptcy filings, such filings may be evidence of bad faith. <u>In re Stathatos</u>, 163 B.R. 83 (N.D. Tex. 1993); <u>In re Huerta</u>, 137 B.R. 356, (Bankr. C.D. Cal. 1992). The filing of multiple cases in bad faith constitutes cause for dismissal of a case with prejudice. <u>In re Gros</u>, 173 B.R. 774 (Bankr. M.D. Fla. 1994).

Based upon the above and foregoing, the court dismisses the above captioned bankruptcy proceeding with prejudice to refiling for 180 days. A separate conforming Judgment will entered this same date.

Signed at Houston, Texas on this 25th day of July, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE